Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*
*and the Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JON NELSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ZACHARY RAMIREZ, an individual, d/b/a PINEHURST FUNDING, and JOHN DOE, an unknown business entity,<br><br>Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# CLASS ACTION COMPLAINT

1. Plaintiff JON NELSON ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant ZACHARY RAMIREZ dba PINEHURST FUNDING ("Ramirez") and Defendant JOHN DOE ("John Doe" or together, "Defendants") to stop their illegal practice of calling cellular telephones of consumers and playing artificial or prerecorded voice messages, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

## NATURE OF THE ACTION

2. Ramirez d/b/a Pinehurst is business capital service. As a part of their marketing, Ramirez called thousands of consumers and played a prerecorded voice message advertising their business capital services.

3. Defendants did not obtain express written consent prior to placing these artificial or prerecorded voice calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. See S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls playing prerecorded voices exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the calls at issue, Defendants violated the privacy and statutory rights of Plaintiff and members of the Class.

CLASS ACTION COMPLAINT           1           Case No. _____

7. Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented calling, as well as an award of actual and statutory fines to members of the Class, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff JON NELSON is a natural person and is a citizen of Iowa.

9. Defendant ZACHARY RAMIREZ is an individual residing in Orange County, California.

10. Defendant John Doe is an unknown business entity.

## JURISDICTION AND VENUE

11. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12. This Court has general jurisdiction over because Ramirez resides in this District.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant resides in this District.

## COMMON FACTUAL ALLEGATIONS

14. Defendant Ramirez sells business capital services.

15. Ramirez hired John Doe to place calls to thousands of phones numbers of Plaintiff and the Class.

16. The calls were unsolicited and played an artificial or prerecorded voice advertising Pinehurst's business capital services.

17. Defendants failed to obtain consent from Plaintiff and the Class before bombarding them with these illegal calls.

## FACTS SPECIFIC TO PLAINTIFF

18. On or around April 14, 2022, Plaintiff started to receive unsolicited phone calls from Ramirez on his cell phone number ending in 3337.

19. When Plaintiff listened to his voicemail message, he heard an artificial or prerecorded voice.

20. The voice said "Hi, this is James calling you back I just quick reminder of based on your business is Dunn and Bradstreet score of 76 we do still have a preapproval for up to a $500,000 line of credit starting at just 4.8% now the funds will be available in just 24 hours if you're interested the offer does expire soon so please call me back at 949-603-3852 again that number is 949-603-3852 hope you have a blessed day and thank you…"

21. To identify the caller, Plaintiff called back and was connected with Pinehurst Funding.

22. Defendants' calls violated Plaintiff's statutory rights and caused actual and statutory damages.

23. In addition to causing statutory damages, the call caused annoyance, intrusion on privacy and seclusion, wasted battery life and time to Plaintiff, and caused Plaintiff to mail a letter to Ramirez requesting that it stop calling.

## CLASS ALLEGATIONS

24. Class Definition: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and the class defined as follows:

> **Class**. All persons who: (1) from the last 4 years to present (2) whose cellular phones were called (3) and played an artificial or prerecorded voice (3) to promote Defendants' services.

25. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been

finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26. Numerosity: The exact number of members of the Class is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class may be identified through Defendants' records.

27. Typicality: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and members of the Class sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

28. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are asserted in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

29. Policies Generally Applicable to the Class: This class action is appropriate for certification because Defendants have acted or refused to act on grounds applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinge on  Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

30.     Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

      a.    Whether the phone calls used an artificial or prerecorded voice;

      b.    Whether Defendants caused the calls;

      c.    Whether Defendants obtained written express consent prior to the calls;

      d.    Whether members of the Class are entitled to treble damages based on the knowingness and/or willfulness of Defendants' conduct.

31.     Superiority: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class are likely be relatively small and impossible to recover, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(b)**
**(On behalf of Plaintiff and the TCPA Class)**

32.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. Plaintiff and the TCPA Class members received unsolicited phone calls to their cellular telephones.

34. The calls played an artificial or prerecorded voice advertising Ramirez's business capital services.

35. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the TCPA Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop its illegal calling campaign.

36. Defendants made the violating calls "willfully" and/or "knowingly" under 47 U.S.C. § 227(b)(3)(C).

37. If the Court finds that Defendants willfully and/or knowingly violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## SECOND CAUSE OF ACTION
### Unlawful Prong of California Unfair Competition Law
### Cal. Bus. & Prof. Code §17200
### (Against all Defendants)

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. The unlawful prong of California Business and Professions Code §17200 prohibits any unlawful business practice.

40. Each of Defendants' violations of 47 U.S.C. § 227(b) vis a vis Plaintiff as described herein all constitute separate and cumulative violations of unlawful prong of §17200.

41. Plaintiff has and continues to incur damages that are actual and recognized by statute.

42. Plaintiff is authorized to pursue a private right of action against Defendants under §17204.

43. Plaintiff is also entitled to injunctive relief under this section.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff JON NELSON, individually and on behalf of the Class, prays for the following relief:

a. An order certifying the Class as defined above, appointing Plaintiff as the representative of the Class and appointing his counsel as Class Counsel;

b. An order declaring that Defendants' actions, as set out above, violates the TCPA;

c. An order declaring that Defendants' actions, as set out above, violate the TCPA willfully and knowingly;

d. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' express consent to receive such calls, and otherwise protecting interests of the Class;

e. An award of actual damages and/or statutory fines and penalties;

f. An award of reasonable attorney's fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5;

g. Such other and further relief that the Court deems reasonable and just.

Dated: August 23, 2022          Respectfully submitted,

By: /s/ Mark L. Javitch

Mark L. Javitch (California SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
Email: mark@javitchlawoffice.com

Attorney for Plaintiff
and the Putative Class